1  GREGORY L. MYERS  (SBN 95743)
   LAW OFFICES OF GREGORY L. MYERS
2  5 River Park Place West, Suite 204
   Fresno, California 93720
3  Email: greg@nz-law.com
   Telephone:  (559) 225-2200
4  Facsimile: (559) 225-2295

5  Attorneys for Defendant Excalibur Sires, Inc.

6

7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11 JLG ENTERPRISES, INC., a California          CASE NO.  1:10-cv-02138-AWI-SKO
   corporation,
12                                              STIPULATION RE: FIRST AMENDED
                   Plaintiff,                   ANSWER AND COUNTER CLAIM
13            v.

14 EXCALIBUR SIRES, INC, a Minnesota
   corporation, and DOES 1 through 25
15 inclusive,

16                 Defendants.

17

18    **IT IS HEREBY STIPULATED** by the parties through their attorneys of record and

19 approved by the Court as follows:

20 / / /

21 / / /

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28

PDF created with pdfFactory trial version www.pdffactory.com

1    The Defendant and Cross Claimant, Excalibur Sires, Inc will file and proceed under the

2 defenses and allegations of its First Amended Answer and Counter Claim a copy of which is

3 attached hereto as **Exhibit "A."**

4

5 DATED:  April 1, 2011                                         By:  /s/ Gregory L. Myers
                                                                GREGORY L. MYERS
6                                                               Attorney for Excalibur Sires, Inc.

7

8 DATED: April 1, 2011                                          By:   /s/ Eric J. Sousa
                                                                ERIC J. SOUSA
9                                                               Attorney for JLG Enterprises, Inc.

10

11 IT IS SO ORDERED.

12

13   Dated:   **April 4, 2011**                                 **/s/ Sheila K. Oberto**

14                                                               UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PDF created with pdfFactory trial version www.pdffactory.com

**EXHBIT A**

1

GREGORY L. MYERS  (SBN 95743)
2 LAW OFFICES OF GREGORY L. MYERS
5 River Park Place West, Suite 204
3 Fresno, California 93720
Email: greg@nz-law.com
4 Telephone:  (559) 225-2200
Facsimile: (559) 225-2295

5

6

7 Attorneys for Defendant Excalibur Sires,
Inc.

8

9 UNITED STATES DISTRICT COURT

10 EASTERN DISTRICT OF CALIFORNIA

11 JLG ENTERPRISES, INC., a California | CASE NO.  1:10-cv-02138-AWI-SKO
12 corporation,

13          Plaintiff, | **FIRST AMENDED ANSWER AND COUNTER CLAIM**

14 v.

15 EXCALIBUR SIRES, INC, a
Minnesota corporation, and DOES 1
16 through 25 inclusive,

17          Defendants.

18

19 Defendant Excalibur Sires, Inc. ("Excalibur") hereby answers Plaintiff JLG Enterprises, Inc.'s

20 ("JLG") Complaint as follows:

21                          **GENERAL ALLEGATIONS**

22          1.          On information and belief, Excalibur admits that JLG is a corporation duly

23 organized and existing under the laws of the State of California with its principal place of

24 business located at 11116 Sierra Road, Oakdale, Stanislaus County, California.  Excalibur is

25 without sufficient knowledge or information to admit or deny that JLG is, and at all times herein

26 mentioned was, engaged in the business of providing, for a fee, boarding, feeding, veterinary and

27 general health services (hereafter "Livestock Services") to bulls boarded at its facility, and on

28

PDF created with pdfFactory trial version www.pdffactory.com

1  those grounds denies the same.

2       2.     Excalibur admits that it is a corporation duly organized and existing under the

3  laws of the State of Minnesota with its principal place of business located at 1202 ½ 7th Street,

4  NW #211, Rochester, Minnesota.  Excalibur denies the remaining allegations in Paragraph 2 of

5  the Complaint.

6       3.     Excalibur denies the allegations in Paragraph 3 of the Complaint.  To the extent

7  Paragraph 3 of the Complaint purports to state legal conclusions, no answer is necessary.  To the

8  extent that any further response is deemed to be required, Excalibur denies the remaining

9  allegations in Paragraph 3 of Plaintiff's Complaint.

10      4.     Excalibur denies the allegations in Paragraph 4 of the Complaint.  To the extent

11 Paragraph 4 of the Complaint purports to state legal conclusions, no answer is necessary.  To the

12 extent that any further response is deemed to be required, Excalibur denies the remaining

13 allegations in Paragraph 4 of Plaintiff's Complaint.

14      5.     Excalibur denies the allegations in Paragraph 5 of the Complaint.  To the extent

15 Paragraph 5 of the Complaint purports to state legal conclusions, no answer is necessary.  To the

16 extent that any further response is deemed to be required, Excalibur denies the remaining

17 allegations in Paragraph 5 of Plaintiff's Complaint.

18      6.     Excalibur is without sufficient knowledge or information to admit or deny the

19 allegations in Paragraph 6 of the Complaint and on those grounds denies the same.  To the extent

20 that any further response is deemed to be required, Excalibur denies the remaining allegations in

21 Paragraph 6 of Plaintiff's Complaint.

## FIRST CAUSE OF ACTION

### (Breach of Contract to Provide Livestock Services)

22      7.     Excalibur denies the allegations in Paragraph 7 of the Complaint.

23      8.     Paragraph 8 of Plaintiff's Complaint asserts legal conclusions and other

24 characterizations to which no response is required.  Excalibur admits that on or about January 26,

25 1994, Plaintiff and Excalibur entered into an oral agreement.  To the extent that any further

26 response is deemed to be required, Excalibur denies the remaining allegations in Paragraph 8 of

Page 4

PDF created with pdfFactory trial version www.pdffactory.com

Plaintiff's Complaint.

9.      Excalibur denies the allegations of Paragraph 9 of Plaintiff's Complaint.

10.     Paragraph 10 of Plaintiff's Complaint asserts legal conclusions and other characterizations to which no response is required.  To the extent that a response is deemed to be required, Excalibur denies the allegations of Paragraph 10 of Plaintiff's Complaint.

11.     Paragraph 11 of Plaintiff's Complaint asserts legal conclusions and other characterizations to which no response is required.  To the extent that a response is deemed to be required, Excalibur denies the allegations of Paragraph 11 of Plaintiff's Complaint.

12.     Paragraph 12 of Plaintiff's Complaint asserts legal conclusions and other characterizations to which no response is required.  To the extent that a response is deemed to be required, Excalibur denies the allegations of Paragraph 12 of Plaintiff's Complaint.

## SECOND CAUSE OF ACTION

### (Unjust Enrichment)

13.     Excalibur denies the allegations in Paragraph 13 of the Complaint.

14.     Paragraph 14 of Plaintiff's Complaint asserts legal conclusions and other characterizations to which no response is required.  Excalibur admits that on or about January 26, 1994, Plaintiff and Excalibur entered into an oral agreement.  To the extent that any further response is deemed to be required, Excalibur denies the remaining allegations in Paragraph 14 of Plaintiff's Complaint.

15.     Excalibur denies the allegations in Paragraph 15 of the Complaint.

16.     Excalibur denies the allegations in Paragraph 16 of the Complaint.

17.     Paragraph 17 of Plaintiff's Complaint asserts legal conclusions and other characterizations to which no response is required.  To the extent that any further response is deemed to be required, Excalibur denies the remaining allegations in Paragraph 17 of Plaintiff's Complaint.

## THIRD CAUSE OF ACTION

### (Common Count – Account Stated)

18.     Excalibur denies the allegations in Paragraph 18 of the Complaint.

PDF created with pdfFactory trial version www.pdffactory.com

19.     Paragraph 19 of Plaintiff's Complaint asserts legal conclusions and other characterizations to which no response is required.  To the extent that any further response is deemed to be required, Excalibur denies the remaining allegations in Paragraph 19 of Plaintiff's Complaint.

20.     Excalibur denies the allegations in Paragraph 20 of the Complaint.

21.     Paragraph 21 of Plaintiff's Complaint asserts legal conclusions and other characterizations to which no response is required.  To the extent that any further response is deemed to be required, Excalibur denies the remaining allegations in Paragraph 21 of Plaintiff's Complaint.

**FOURTH CAUSE OF ACTION**

(Common Count – Open Book Account)

22.     Excalibur denies the allegations in Paragraph 22 of the Complaint.

23.     Paragraph 23 of Plaintiff's Complaint asserts legal conclusions and other characterizations to which no response is required.  To the extent that any further response is deemed to be required, Excalibur denies the remaining allegations in Paragraph 23 of Plaintiff's Complaint.

24.     Paragraph 24 of Plaintiff's Complaint asserts legal conclusions and other characterizations to which no response is required.  To the extent that any further response is deemed to be required, Excalibur denies the remaining allegations in Paragraph 24 of Plaintiff's Complaint.

25.     Excalibur denies the allegations in Paragraph 25 of the Complaint.

26.     Paragraph 26 of Plaintiff's Complaint asserts legal conclusions and other characterizations to which no response is required.  To the extent that any further response is deemed to be required, Excalibur denies the remaining allegations in Paragraph 26 of Plaintiff's Complaint.

**FIFTH CAUSE OF ACTION**

27.     Excalibur denies the allegations in Paragraph 27 of the Complaint.

28.     Excalibur denies the allegations in Paragraph 28 of the Complaint.

PDF created with pdfFactory trial version www.pdffactory.com

29.     Excalibur denies the allegations in Paragraph 29 of the Complaint.

30.     Paragraph 30 of Plaintiff's Complaint asserts legal conclusions and other characterizations to which no response is required.  To the extent that any further response is deemed to be required, Excalibur denies the remaining allegations in Paragraph 30 of Plaintiff's Complaint.

## SIXTH CAUSE OF ACTION

### (Common Count – Quantum Meruit)

31.     Excalibur denies the allegations in Paragraph 31 of the Complaint.

32.     Excalibur denies the allegations in Paragraph 32 of the Complaint.

33.     Excalibur denies the allegations in Paragraph 33 of the Complaint.

34.     Excalibur admits that it agreed to pay a fee for the reasonable value of services actually performed by Plaintiff.  Excalibur denies the remaining allegations in Paragraph 34 of the Complaint.

35.     Excalibur denies the allegations in Paragraph 35 of the Complaint.

36.     Paragraph 36 of Plaintiff's Complaint asserts legal conclusions and other characterizations to which no response is required.  To the extent that any further response is deemed to be required, Excalibur denies the remaining allegations in Paragraph 36 of Plaintiff's Complaint.

37.     Excalibur denies the allegations in Paragraph 37 of the Complaint.

## SEVENTH CAUSE OF ACTION

### (Enforcement of Livestock Services Lien – Civ. Code § 3080 *et seq*.)

38.     Excalibur denies the allegations in Paragraph 38 of the Complaint.

39.     Paragraph 39 of Plaintiff's Complaint asserts legal conclusions and other characterizations to which no response is required.  Excalibur admits that on or about January 26, 1994, Plaintiff and Excalibur entered into an oral agreement.  To the extent that any further response is deemed to be required, Excalibur denies the remaining allegations in Paragraph 39 of Plaintiff's Complaint.

40.     Excalibur denies the allegations in Paragraph 40 of the Complaint.

PDF created with pdfFactory trial version www.pdffactory.com

41.      Paragraph 41 of Plaintiff's Complaint asserts legal conclusions and other characterizations to which no response is required.  To the extent that any further response is deemed to be required, Excalibur denies the remaining allegations in Paragraph 41 of Plaintiff's Complaint.

42.      Paragraph 42 of Plaintiff's Complaint asserts legal conclusions and other characterizations to which no response is required.  To the extent that any further response is deemed to be required, Excalibur denies the remaining allegations in Paragraph 42 of Plaintiff's Complaint.

43.      Paragraph 43 of Plaintiff's Complaint asserts legal conclusions and other characterizations to which no response is required.  To the extent that any further response is deemed to be required, Excalibur denies the remaining allegations in Paragraph 43 of Plaintiff's Complaint.

## PRAYER FOR RELIEF

1.      Excalibur denies the entirety of the Prayer for Relief in the Complaint.

2.      Excalibur denies all allegations in the Complaint not expressly admitted herein.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1.      As a separate and affirmative defense to the Complaint, Excalibur alleges that Plaintiff fails to state facts sufficient to constitute a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Unclean Hands)

2.      As a separate and affirmative defense to the Complaint, Excalibur alleges that Plaintiff's claims are barred by the equitable doctrine of unclean hands.

## THIRD AFFIRMATIVE DEFENSE

### (Breach of Contract)

3.      As a separate and affirmative defense to the Complaint, Excalibur alleges that

PDF created with pdfFactory trial version www.pdffactory.com

Plaintiff's claims are barred, in whole or in part, by Plaintiff's breach of the contract between Plaintiff and Excalibur.

## FOURTH AFFIRMATIVE DEFENSE

### (Offset)

4.      As a separate and affirmative defense to the Complaint,  Excalibur alleges the right to offset any amounts owed to Plaintiff by amounts owed to Excalibur by Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

### (Unconscionability)

5.      As a separate and affirmative defense to the Complaint, Excalibur alleges that Plaintiff's claims are barred, in whole or in part, because it would be unconscionable for Plaintiff to obtain damages for the alleged breach of contract, because of its having fraudulently induced Excalibur into entering into the agreement and because of its own breaches of the agreement.

## SIXTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

6.      As a separate and affirmative defense to the Complaint, Excalibur alleges that Plaintiff's claims are barred because any recovery in favor of Plaintiff would result in Plaintiff's unjust enrichment.

## SEVENTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

7.      As a separate and affirmative defense to the Complaint, Excalibur alleges that to the extent that Plaintiff has suffered any injury or damage, which Excalibur denies, such injury or damage was caused or contributed to by the negligence, fault, breach of contract, and/or other wrongful or tortious conduct of persons or entities other than Excalibur, including, without limitation, Plaintiff, or others, and said acts or omissions comparatively reduce the percentage of negligence, fault and/or liability, if any, of Excalibur.

## EIGHTH AFFIRMATIVE DEFENSE

### (Mutual Mistake)

8.      As a separate and affirmative defense to the Complaint, Excalibur alleges that

PDF created with pdfFactory trial version www.pdffactory.com

Plaintiff's claims are barred because of the parties' reliance on mutually mistaken understanding of material facts.

### NINTH AFFIRMATIVE DEFENSE

#### (Unilateral Mistake)

9. As a separate and affirmative defense to the Complaint, Excalibur alleges that Plaintiff's claims are barred because of Excalibur's reliance on a mistaken understanding of material facts based on Plaintiff's intentional or unintentional concealment and/or misrepresentation.

### TENTH AFFIRMATIVE DEFENSE

#### (Estoppel)

10. As a separate and affirmative defense to the Complaint, Excalibur alleges that the Complaint and each purported cause of action therein is barred, in whole or in part, because by its conduct, representations, and omissions, Plaintiff is equitably estopped from asserting any claim for relief against this Excalibur respecting the matters which are the subject of the Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE

#### (Waiver)

11. As a separate and affirmative defense to the Complaint, Excalibur alleges that the Complaint and each purported cause of action therein is barred, in whole or in part, because by its conduct, representations, and omissions, Plaintiff has voluntarily waived, relinquished, and/or abandoned all claims for relief against Excalibur respecting its rights under the subject contract.

### TWELFTH AFFIRMATIVE DEFENSE

#### (Acquiescence)

12. The claims asserted in the Complaint are barred, in whole or in part, by the doctrine of acquiescence.

### THIRTEENTH AFFIRMATIVE DEFENSE

#### (Laches)

13. The claims asserted in the Complaint are barred, in whole or in part, by the

PDF created with pdfFactory trial version www.pdffactory.com

1  doctrine of laches.

2

3  **FURTEENTH AFFIRMATIVE DEFENSE**

4  **(Failure to Mitigate)**

5      14.      As a separate and affirmative defense to the Complaint, Excalibur alleges that

6  Plaintiff's claims are barred by virtue of its failure to mitigate his damages.

7

8  **COUNTERCLAIMS**

9      3.      Defendant and Counter-Claimant Excalibur Sires, Inc. is, and at all times

10  mentioned herein was, a Minnesota corporation with its principal place of business located at

11  1202 ½ 7th Street, NW #211, Rochester, Minnesota.

12      4.      Plaintiff and Counter-Defendant JLG Enterprises, Inc. ("JLG") is, and at all times

13  mentioned herein was, a corporation duly organized and existing under the laws of the State of

14  California with its principal place of business located at 11116 Sierra Road, Oakdale, Stanislaus

15  County, California.

16  **JURISDICTION**

17      5.      This Court has jurisdiction over the subject matter of this counterclaim under 28

18  U.S.C. § 1332 because Plaintiff and Defendant are citizens of different states, and the amount in

19  controversy exceeds $75,000.

20      6.      Additionally, pursuant to 28 U.S.C. § 1367(a), this Court has supplemental

21  jurisdiction over this counterclaim because the counterclaims arise out the same transactions or

22  occurrences that is the subject matter of JLG's claims against Excalibur, and does not require

23  adding another party over whom this Court cannot acquire jurisdiction.

24  **STATEMENT OF CASE**

25      7.      Excalibur does not have legal title to all of the bulls it uses in its business. Instead,

26  most of the bulls are leased by Excalibur from dairy cattle producers ("Breeders") around the

27  country.  Unlike a traditional land or chattel lease wherein monthly or annual payments are made

28  by the lessee to the lessor, the bull lease agreements provide for the payment of royalties from

Page 11

PDF created with pdfFactory trial version www.pdffactory.com

the sale of the straws of semen produced by the bull.

8.    The proceeds from the sale of the straws of semen results in income to Excalibur.

9.    Excalibur has sole control and possession of the bulls as part of these lease agreements and has the right to direct the semen collection.

10.    Counter-Defendant JLG operates a boarding facility in California.

11.    For the past 17 years, based upon oral agreement entered into on or around January 26, 1994, Excalibur has boarded most of bulls it owns or has leased at JLG's boarding facility.  In addition to boarding the bulls, JLG arranges for the extraction of semen.  Once semen is collected from a particular bull, the semen is placed in "straws," which are frozen and stored at JLG's facilities.  Dairy farmers then place orders—either through Excalibur, or by contacting JLG directly—for straws of semen from a specific bull.  JLG then ships the straws containing the semen to the dairy farmers.

### JLG Tortiously Interferes with Excalibur's Business

12.    Beginning in or around August 2010, JLG began refusing to ship orders from third parties requesting semen from Excalibur's bulls.  On information and belief, there are currently approximately 100,000 straws of semen held at JLG's facility.

13.    Excalibur has and continues to receive orders from dairy farmers and other customers ordering semen.  Moreover, many additional dairy farmers and customers have informed Excalibur that they stand ready to order more semen as soon as it becomes available.

14.    Historically, the fourth quarter of the year yields the highest number of sales. Because JLG has refused to ship semen since August 2010.

15.    As JLG's refusal to fulfill semen orders extends, Excalibur has lost and continues to lose customers.

16.    By refusing to fulfill its contractual obligations, JLG is destroying Excalibur's business.

17.    On information and belief, this is exactly what JLG seeks to accomplish.

PDF created with pdfFactory trial version www.pdffactory.com

## FIRST CLAIM FOR RELIEF

### (Negligence)

18.     Excalibur herein incorporates by reference the allegations set forth in paragraphs 1 through 17 of the Counter-Claim.

19.     In the early part of August 2010, JLG notified Excalibur that the bull, Colton, had died.  At no time prior to Colton's death did JLG notify Excalibur that Colton was sick; nor, did JLG provide any veterinary or health services to Colton.

20.     At all times relevant hereto, JLG had a duty to exercise reasonable care in the boarding, feeding, and provision of veterinary and health services to Excalibur's bulls that are and were housed at its facilities in Oakdale, California.

21.     JLG failed to exercise ordinary care by failing provide veterinary and other health services to Colton and other bulls leased by Excalibur.

22.     JLG's failure to provide veterinary and health services to Colton was the direct and proximate cause of the death of Colton.

23.     The death of Colton caused damages to Excalibur including, but not limited to, lost profits amounting to approximately $1.5 million.

## SECOND CLAIM FOR RELIEF

### (Conversion of the Straws)

24.     Excalibur herein incorporates by reference the allegations set forth in paragraphs 1 through 23 of the Counter-Claim.

25.     At all times herein mentioned, Excalibur was, and still is, the owner of all the straws containing bull semen produced by bulls leased by Excalibur and housed at JLG's facility in Oakdale, California.

26.     At all times herein mentioned, the personal property described above has been in the possession of JLG with whom Excalibur had left for safekeeping and storage.

27.     Starting on or about August 2010, JLG began refusing to send orders for straws to third parties, or otherwise permit Excalibur to arrange to have the straws shipped to third party purchasers, and thereby converted it and its potential proceeds to its own use.

PDF created with pdfFactory trial version www.pdffactory.com

28.     JLG's acts alleged above were willful, wanton, malicious and oppressive and justify the awarding of exemplary and punitive damages.

### THIRD CLAIM FOR RELIEF

#### (Conversion of Bulls)

29.     Excalibur herein incorporates by reference the allegations set forth in paragraphs 1 through 28 of the Counter-Claim.

30.     At all times herein mentioned, Excalibur was, and still is, the leaseholder and is entitled to profits from the sale of the following bulls as well as the semen they produce:

a.     Hurtgen-Vue **REALITY – RED**: Registration No. 134690997;

b.     Timlynn SM Amory: Registration No. 134229357;

c.     Our-Favorite **MARSH** – ET: Registration No. 135705197;

d.     A-L-H Titanic **ENZO**: Registration No. 61898112;

e.     Regancrest Titanic **DAREL**-ET: Registration No. 61898118;

f.     Eskdale **MOMENTOUS**: Registration No. 136707781l;

g.     Scientific CBA **DRAMA** – ET: Registration No. 136903767;

h.     JZM Champion **CHALLENGER** – TW: Registration No. 62216719;

i.     Premier - S **CYCLONE -RED**-ET: Registration No. 61655861;

j.     Regancrestdl S **RYKER** – ET: Registration No. 61898421;

k.     Krull Mr Sam **EDISON** – ET: Registration No. 62702439;

l.     Budjon-JK MR **ELIJAH** – ET: Registration No. 137218273;

m.     Windy-Knoll-View **PACIFIC**-ET: Registration No. 137198261;

n.     Scientific **LIGHTNING-RED** – ET: Registration No. 137643471;

o.     E-Evans-A Allen **RASCAL** – ET: Registration No. 62613542;

p.     Regancrest Mac **CADE**-ET: Registration No. 62744605;

q.     Hnkes-Wessel **ENFORCER**-TW: Registration No. 63445911;

r.     Sandy-Valley Mr **COMET**-ET: Registration No. 63563713.

31.     At all times herein mentioned, the bulls described above have been in the possession of JLG with whom Excalibur had contracted with for boarding and other services.

PDF created with pdfFactory trial version www.pdffactory.com

32.     On information and belief, these 16 bulls have been sold or transferred to third parties and/or JLG is exercising wrongful dominion and control over these 16 bulls by refusing to allow Excalibur access to them or to direct the extraction of semen.

33.     JLG's acts alleged above were willful, wanton, malicious and oppressive and justify the awarding of exemplary and punitive damages.

## FORTH CLAIM FOR RELIEF

### (Intentional Interference with Contractual Relations)

34.     Excalibur herein incorporates by reference the allegations set forth in paragraphs 1 through 33 of the Counter-Claim.

35.     Multiple valid contracts exist between Excalibur and various third party farmers whereby Excalibur must supply straws containing bull semen, and in exchange, the third party farmers pay Excalibur a fee.

36.     JLG has knowledge of the agreements between Excalibur and the third party purchasers of bulls' semen.

37.     JLG has intentionally refused to ship semen, or otherwise permit Excalibur to arrange for the shipment of semen, to third parties purchasers.

38.     Excalibur has ongoing long term contracts with breeders of bulls which are, or were, in the possession of JLG.

39.     JLG has knowledge of the agreements between Excalibur and the third party purchasers of bulls' semen.

40.     JLG has interfered with those contractual relationships by selling, transferring ownership or destroying bulls without the authorization of Excalibur

41.     JLG's actions have disrupted the contractual relationships with these third party parties.

42.     As a result of JLG's intentional and malicious interference, Excalibur has been damages in an amount to be proven at trial.

## PRAYER

WHEREFORE, Counter-Complainant Excalibur prays for judgment against Counter-

PDF created with pdfFactory trial version www.pdffactory.com

1    Defendant JLG, as follows:

2        1.      For judgment in favor of Excalibur and against JLG on each count of these

3    Counterclaims;

4        2.      For compensatory and actual damages according to proof at trial;

5        3.      For punitive and/or exemplary damages in an amount determined by the trier of

6    fact.

7        4.      For a complete and accurate accounting of each of the following:

8            a.      If any bulls have been sold, transferred or moved from JLG's facility, an

                     accounting of all details relating to that transfer.

9

10           b.      The number of straws of bull semen owned by Excalibur, and the name

11                   and identification number of the bull that produced each straw, which JLG

12                   currently has in its possession, custody or control.

13           c.      The number of straws of bull semen owned by Excalibur, and the name

                     and identification number of the bull that produced each straw, which JLG

14                   has had in its possession custody or control over the past two years.

15       5.      For attorneys' fees, costs and expenses incurred herein; and

16       6.      For such further relief as the court deems just and appropriate.

17

18

19   DATED: APRIL 1, 2011

20

21                                              By: /s/ Gregory L. Myers
                                                    GREGORY L. MYERS,
22                                                  Attorney for Excalibur Sires, Inc.

23

24

25

26

27

28

PDF created with pdfFactory trial version www.pdffactory.com