1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

JLG ENTERPRISES, INC.,

               Plaintiff,

   v.

EXCALIBUR SIRES, INC.,

               Defendant,

_____

EXCALIBUR SIRES, INC.,

               Counter-Claimant,

   v.

JLG ENTERPRISES, INC.,

               Counter-Defendant.

_____/

CASE NO. 1: 10-cv-02138-AWI-SKO

**ORDER GRANTING IN PART AND
DENYING IN PART AS MOOT PLAINTIFF
JLG ENTERPRISES, INC.'S MOTION TO
COMPEL**

(Document 60)

## I.  INTRODUCTION

On June 1, 2011, Plaintiff JLG Enterprises, Inc., ("JLG") filed a motion to compel based on Defendant Excalibur Sires, Inc.'s ("Excalibur") complete failure to provide responses to Plaintiff's outstanding discovery requests consisting of Interrogatories, Requests for Admission ("RFAs") and Requests for Production of Documents ("RFPs").  (Doc. 60.)  Excalibur filed a statement of non-opposition to the motion and a declaration from counsel in opposition to JLG's request for

1   sanctions on June 14, 2011.  (Docs. 63, 63-1.)  JLG subsequently filed a reply on July 22, 2011.
2   (Doc. 65.)

3          This matter is taken under submission pursuant to Local Rule 230(g), and the June 29, 2011,
4   hearing is VACATED.  Upon consideration of the pleadings, Plaintiff's motion to compel is
5   GRANTED IN PART and DENIED IN PART AS MOOT.

6                              **II.  FACTUAL BACKGROUND**

7          On September 10, 2010, JLG filed a complaint in Stanislaus County Superior Court against
8   Excalibur, which was removed on November 15, 2010, on the basis of diversity.  28 U.S.C.
9   § 1332(a); *see also* 28 U.S.C. § 1441(a).  Excalibur filed an answer and counterclaim on November
10  22, 2010, and filed an amended answer and counterclaim on April 1, 2011, pursuant to stipulation.
11  (Docs. 6, 53-56.)

12         On March 22, 2011, the Court granted JLG's application for an order authorizing the sale of
13  livestock, and on March 31, 2011, issued an order authorizing that sale.  (Docs. 49, 52.)  On June 14,
14  2011, JLG deposited the funds from the livestock sale into a trust account with the Clerk of the Court.
15  (Doc. 64.)

16         JLG propounded discovery requests consisting of Interrogatories, RFPs, and RFAs, on April 6,
17  2011.  (Doc. 62, ¶ 2.)  Excalibur's responses were due no later than May 6, 2011.  (Doc. 62, ¶ 3.)
18  Excalibur did not request nor did the parties stipulate to an extension of time.  (Doc. 62, ¶ 3.)  JLG's
19  counsel declares that he attempted meet and confer efforts on May 11, 13, and 23, 2011, and offered
20  Excalibur an additional week to provide responses.  (Doc. 62, ¶¶ 4-6.)  Excalibur failed to respond.
21  (Doc. 62, ¶ 3.)  Accordingly, on June 1, 2011, JLG filed the instant motion.

22         JLG's motion seeks a Court order compelling Excalibur to provide responses to the
23  Interrogatories, RFAs and FRPs, and seeks monetary sanctions pursuant to Fed. R. Civ. P. Rule
24  37(a)(5) and (d)(3) for attorney's fees and costs in the total amount of $2,500 as follows: $1,500 (7.5
25  hours x $200 per hour) to prepare the motion and to meet and confer; and $1,000 (5.0 hours x $200
26  per hour) for the anticipated preparation of a reply brief and attendance at the hearing for this motion.
27  (Doc. 62, ¶ 7.)  JLG also seeks an appropriate monetary sanction pursuant to Fed. R. Civ. P. Rule

28

1   37(d)(A) and (B) based on Excalibur's abuse of the discovery process for its complete failure to
2   respond to the discovery requests. (Doc. 61, 5:3-26.)

3        On June 14, 2011, Excalibur filed a notice of non-opposition to the motion and a declaration
4   from counsel in opposition to the requested sanctions. (Docs. 63, 63-1.) JLG filed a reply on June
5   22, 2011.

6                                    **III.  DISCUSSION**

7   **A.    JLG's Requests for Admission**

8        The failure to timely respond to RFAs results in automatic admission of the matters requested.
9   Fed. R. Civ. P. Rule 36(a)(3). "No motion to establish the admissions is needed because Federal Rule
10   of Civil Procedure 36(a) is self executing." *Fed. Trade Comm. v. Medicor LLC*, 217 F. Supp. 2d
11   1048, 1053 (C.D. Cal. 2002); *Garcia v. City of Ceres*, No. CV F 08-1720 LJO SKO, 2010 WL
12   2490917, at *4 n.5 (E.D. Cal. June 16, 2010).  Once admitted, the matter is conclusively established
13   "unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P.
14   Rule 36(b).  Accordingly, to the extent that JLG is seeking an order compelling a response to the
15   RFAs, that request is DENIED AS MOOT.

16   **B.    JLG's Interrogatories**

17        Fed. R. Civ. P. Rule  33(b)(1)(B) requires that, unless otherwise agreed upon, the responding
18   party must serve its answers and any objections to interrogatories within thirty (30) days after being
19   served.  Additionally, Fed. R. Civ. P. Rule 33(b)(3) and (5) requires that each interrogatory, "to the
20   extent it is not objected to, be answered separately and fully in writing and under oath" and signed
21   by the answering party.  Any untimely objection to the interrogatory is waived, unless the court
22   excuses the failure for good cause. Fed. R. Civ. P. Rule 33(b)(4).

23        JLG's Interrogatories were served on April 6, 2011, but no responses were received by the
24   May 6, 2011, deadline. (Doc. 62, ¶¶ 2, 3.)  No extensions were requested or stipulated to and the
25   responses remain outstanding. (Doc. 62, ¶¶ 3-6.)  As such, the Court GRANTS JLG's motion to
26   compel Interrogatory responses and orders Excalibur to serve written responses to JLG's
27   Interrogatories within thirty (30) days from the date of this order. All objections to the Interrogatories
28   have been waived.

**C.      JLG's Requests for Production of Documents**

Pursuant to Fed. R. Civ. P. Rule 34(a), a party may request production of documents.  Fed. R. Civ. P. Rule 34(b)(2)(B) requires parties answering RFPs to "either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons" in each response.  If the party to whom the request was directed fails to appropriately respond, Fed. R. Civ. P. Rule 37(a) allows the requesting party to "move for an order compelling disclosure or discovery."

JLG's RFPs were served on April 6, 2011, but no responses were received by the May 6, 2011, deadline.  (Doc. 62, ¶¶ 2, 3.)  As Excalibur failed to provide responses, the Court GRANTS JLG's motion to compel RFPs and orders Excalibur to serve responses within thirty (30) days from the date of this order.  All objections to the RFPs have been waived.  If Excalibur determines that there are no documents responsive to any given RFP, it shall so state in a written answer to the RFPs.

**D.      Sanctions and Apportionment of Fees and Costs**

Pursuant to Fed. R. Civ. P. Rule 37(a)(5)(c), if a motion to compel discovery responses is granted in part and denied in part, and if the Court gives the non-responsive party an opportunity to be heard, then the court may "apportion the reasonable expenses for the motion."  JLG requests attorney's fees for 12.5 hours at a rate of $200.00 per hour, totaling $2,500.00 (7.5 hours to prepare the motion and to meet and confer and 5.0 hours in anticipation of preparing the reply and appearing at the hearing.)  (Doc. 62, ¶ 7.)

Excalibur was afforded an opportunity to be heard in opposition to JLG's motion to compel and did so by submitting a notice of non-opposition.  (Doc 63; *See* Fed. R. Civ. P. Rule 37 advisory committee's note, 1993 amendments (an opportunity to be heard includes both written submissions and oral hearings.))  Plaintiff's motion to compel has been granted in part and denied in part, and some apportionment of the reasonable expenses for the motion may be appropriate.[1]

---

[1] The Court finds that JLG's reply was essentially unnecessary as Excalibur filed a notice of non-opposition. Further, the hearing for this motion has been vacated.  Accordingly, apportionment for the expenses associated with these actions is inappropriate.

JLG also seeks additional monetary sanctions pursuant to Fed. R. Civ. P. Rule 37(d)(A) and (B) based on Excalibur's complete failure to respond to the discovery requests. (Doc. 61, 5:3-26.) If a party fails to respond to discovery, sanctions may be imposed even in the absence of a prior court order.  Fed. R. Civ. P. Rule 37(d).  The Court "must require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3); *See also*, Fed. R. Civ. P. 37(5)(A)(i-iii).

Here, there is no basis to require Excalibur's counsel to pay sanctions as he had no communication with and has not received documentation from his client.  (Doc. 63-1, ¶¶ 3-5.) Further, the Court notes that the declaration from Excalibur's counsel, Gregory L. Myers, states that JLG's counsel, Eric J. Sousa, had been informed via email by Excalibur's Chief Executive Officer that Mr. Myers "no longer represented" him.[2]   (Doc. 63-1, ¶ 4.)   As such, only Excalibur is responsible for sanctions related to JLG's reasonable attorney's fees related to this motion.

The Court will hold in abeyance its decision to impose monetary sanctions and award any apportionment of reasonable attorney's fees alleged until Excalibur has provided responses to JLG's Interrogatories and RFPs.  JLG shall file a status update forty-five (45) days from the date of this order reporting whether Excalibur has complied with the order and whether there are any disputes regarding the responses provided.

### III.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED THAT:

1.    JLG's motion to compel responses from Excalibur to Requests for Admission is
      DENIED AS MOOT.

2.    JLG's motion to compel responses to Interrogatories and Requests for Production
      of Documents is GRANTED.

---

[2] To the extent that Mr. Myers (or Excalibur) seeks to end his representation of Excalibur, Mr. Myers would be required to file a motion to withdraw as counsel.  Local Rule 182(d).

5

3      Excalibur is ORDERED to serve written responses to JLG's Interrogatories and Requests for Production of Documents within thirty (30) days from the date of this order.

4.     JLG is ordered to file a status report regarding Excalibur's compliance with this order within forty-five (45) days from the date of this order.

IT IS SO ORDERED.

Dated:    **June 24, 2011**               **/s/ Sheila K. Oberto**
                                 UNITED STATES MAGISTRATE JUDGE