# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JLG ENTERPRISES, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>EXCALIBUR SIRES, INC., a Minnesota corporation, and DOES 1 through 25, inclusive,<br><br>Defendants.<br>_____<br><br>EXCALIBUR SIRES, INC.,<br><br>Counterclaimant,<br><br>v.<br><br>JLG ENTERPRISES, INC.,<br><br>Counterdefendant.<br>_____/ | CASE NO. 1:10-cv-02138-AWI-SKO<br><br>**ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR FAILURE TO COMPLY WITH THE COURT'S ORDER** |

## I. INTRODUCTION

On June 1, 2011, Plaintiff JLG Enterprises, Inc., ("JLG") filed a motion to compel based on Defendant Excalibur Sires, Inc.'s ("Excalibur") complete failure to provide responses to JLG's outstanding discovery requests consisting of Interrogatories, Requests for Admission, and Requests for Production of Documents. (Doc. 60.) Excalibur filed a statement of non-opposition to the motion and a declaration from counsel in opposition to JLG's request for sanctions. (Docs. 63, 63-1.)

On June 27, 2011, the Court issued an order requiring Excalibur to provide responses to JLG's Interrogatories and Requests for Production of Documents within 30 days from the date of the order. JLG requested that it be awarded reasonable expenses for the motion as well as additional monetary sanctions for Excalibur's failure to respond to the discovery requests. The Court held in abeyance its decision as to an award of sanctions and apportionment of any reasonable attorney's fees until Excalibur provided responses to the outstanding discovery.

On August 2, 2011, JLG filed a status report indicating that Excalibur did not comply with the Court's June 27, 2011, order and that no responses to the outstanding discovery requests were served. In its status report, JLG renewed its request that it be awarded the reasonable attorney's fees associated with the motion. (Doc. 69, 2:5.) Further, JLG requests that the Court impose a case-terminating sanction and enter default judgment against Excalibur. (Doc. 69, 2:6-12.)

For the reasons set forth below, the Court ORDERS Excalibur to SHOW CAUSE why sanctions should not be imposed for its failure to comply with the Court's June 27, 2011, order.

## II.   DISCUSSION

Pursuant to Federal Rule of Civil Procedure 37(b)(1), a party's failure to comply with a court's discovery order may be treated as contempt of court, and the court may order the imposition of sanctions. Fed. R. Civ. P. 37(b)(1). Sanctions that may be imposed include the following: (1) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (2) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence; (3) striking pleadings in whole or in part; (4) staying further proceedings until the order is obeyed; (5) dismissing the action or proceeding in whole or in part; or (6) rendering a default judgment against the disobedient party. Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi).

"Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorneys' fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

JLG has requested that the Court impose a case-terminating sanction for Exalibur's non-compliance with the Court's June 27, 2011, order.  Excalibur's complete refusal to participate in discovery has hampered the progress of discovery and the litigation in general.  **Excalibur is cautioned that, beyond any monetary sanctions imposed, the Court will be inclined to recommend the imposition of a case terminating sanction if Excalibur fails to respond to this order to show cause.**

### III.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. **Within 10 days after service of this order**, Excalibur is ORDERED to SHOW CAUSE in writing why monetary sanctions or default judgment should not be imposed for its failure to comply with the Court's June 27, 2011, discovery order;

2. Excalibur's counsel it DIRECTED to take all reasonable actions to effect service of this order upon Excalibur;

3. **Within 5 days after service of this order**, JLG shall submit a statement of its reasonable expenses, including attorney's fees, incurred as a result of Excalibur's failure to comply with the Court's June 27, 2011, order; and

4. **Excalibur is cautioned that the case terminating sanction of default judgment may be recommended to the District Judge, particularly if Excalibur fails to comply with this order.**

IT IS SO ORDERED.

**Dated:   August 12, 2011**                        /s/ Sheila K. Oberto
                                                                   UNITED STATES MAGISTRATE JUDGE