# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

JLG ENTERPRISES, INC., a California
corporation,

                    Plaintiff,

          v.

EXCALIBUR SIRES, INC., a Minnesota
corporation, and DOES 1 through 25,
inclusive,

                    Defendant.
_____

EXCALIBUR SIRES, INC.,

                    Counterclaimant,

          v.

JLG ENTERPRISES, INC.,

                    Counterdefendant.
_____/

CASE NO. 1:10-cv-02138-AWI-SKO

**ORDER TO SHOW CAUSE BY
EXCALIBUR AS TO WHY DEFAULT
JUDGMENT SHOULD NOT BE
ENTERED IN FAVOR OF JLG AND
WHY EXCALIBUR'S
COUNTERCLAIM SHOULD NOT BE
DISMISSED**

**ORDER REQUIRING JLG TO
SUBMIT PROOF OF AMOUNT OF
DAMAGES SOUGHT IN DEFAULT
JUDGMENT**

## I.  INTRODUCTION

On June 1, 2011, Plaintiff JLG Enterprises, Inc., ("JLG") filed a motion to compel based on
Defendant Excalibur Sires, Inc.'s ("Excalibur") complete failure to provide responses to JLG's
outstanding discovery requests consisting of Interrogatories, Requests for Admission, and Requests
for Production of Documents.  (Doc. 60.)  Excalibur filed a statement of non-opposition to the
motion and a declaration from counsel in opposition to JLG's request for sanctions. (Docs. 63, 63-1.)

On June 27, 2011, the Court issued an order requiring Excalibur to provide responses to JLG's Interrogatories and Requests for Production of Documents within 30 days from the date of the order. (Doc. 67.) JLG requested that it be awarded reasonable expenses for the motion as well as additional monetary sanctions for Excalibur's failure to respond to the discovery requests. The Court held in abeyance its decision as to an award of sanctions and apportionment of any reasonable attorney's fees until Excalibur provided responses to the outstanding discovery. (Doc. 67, 4:13-5:18.)

On August 2, 2011, JLG filed a status report indicating that Excalibur did not comply with the Court's June 27, 2011, order and that no responses to the outstanding discovery requests were served. (Doc. 69.) In its status report, JLG renewed its request that it be awarded the reasonable attorney's fees associated with the motion. (Doc. 69, 2:5.) Further, JLG requested that the Court impose a case-terminating sanction and enter default judgment against Excalibur. (Doc. 69, 2:6-12.)

On August 12, 2011, the Court issued an order to show cause in which Excalibur was ordered to file a statement within ten (10) days of the order as to why monetary sanctions or default judgment should not be imposed against it for failing to comply with the Court's June 27, 2011, discovery order. (Doc. 70.) The Court cautioned Excalibur that, beyond any monetary sanction that would be imposed, the Court would be inclined to recommend terminating sanctions pursuant to Federal Rule of Civil Procedure 37(b)(1) if Excalibur did not respond to the order to show cause. (Doc. 70, 3:1-6.) Excalibur failed to file a response.

On August 17, 2011, JLG filed a statement of additional costs, indicating that JLG had incurred additional attorney's fees due to Excalibur's failure to comply with the Court's June 27, 2011, discovery order. (Doc. 71.)

For the reasons set forth below, the Court ORDERS Excalibur to SHOW CAUSE as to why default judgment should not be entered in favor of JLG against Excalibur and why Excalibur's counterclaim should not be dismissed with prejudice.

## II.  DISCUSSION

The Court noted in its August 12, 2011, order to show cause that pursuant to Federal Rule of Civil Procedure 37(b)(1), a party's failure to comply with a court's discovery order may be treated

as contempt of court, and the court may order the imposition of sanctions, including dismissing the action or proceeding in whole or in part and rendering a default judgment against the disobedient party. Fed. R. Civ. P. 37(b)(2)(A)(v)-(vi). Further, the Court noted that it must order the payment of attorney's fees when a party fails to obey a discovery order. Fed. R. Civ. P. 37(b)(2)(c).

The Court cautioned Excalibur that "beyond any monetary sanctions imposed, the Court will be inclined to impose a case terminating sanction if Excalibur fails to respond to this order to show cause." (Doc. 70, 3:3-6 (emphasis omitted).) Nonetheless, Excalibur failed to respond.

Accordingly, Excalibur is ORDERED TO SHOW CAUSE as to why default judgment should not be entered against Excalibur and in favor of JLG and why Excalibur's counterclaim should not be dismissed with prejudice pursuant to Rule 37(b)(2)(A)(v)-(vi) due to Excalibur's failure to (1) respond to discovery, (2) comply with the Court's June 27, 2011, discovery order compelling responses to JLG's Interrogatories and Request for Production of Documents, and (3) respond to the Court's August 12, 2011, order to show cause as to why monetary sanctions or default judgment should not be imposed. (Docs. 67, 70.) **Excalibur is warned that failure to respond to this order to show cause *will* result in the Court's recommendation that a case-terminating sanction be imposed beyond any monetary sanctions that will be awarded.**

In addition, JLG is ordered to submit proof of damages for the amount sought in default judgment, including supporting declarations and documentation, in accordance with Federal Rule of Civil Procedure 55(b)(2) concerning applications for default judgment by the Court.

### III.  CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1.  **Within ten (10) days after service of this order**, JLG shall submit proof of its damages for the amount sought in default judgment, including supporting declarations and documentation;

2.  **Within twenty (20) days after service of this order**, Excalibur is ORDERED to show cause in writing as to why default judgment should not be entered against Excalibur in favor of JLG and why Excalibur's counterclaim should not be dismissed *with prejudice* due to Excalibur's failure to provide discovery responses and failure

1    to comply with the Court's June 27, 2011, discovery order and August 12, 2011,

2    order to show cause;

3    3.    Excalibur's counsel is DIRECTED to take all reasonable actions to effect service of

4    this order upon Excalibur; and

5    4.    **Excalibur is warned that the Court will recommend the imposition of a case-**

6    **terminating sanction entering default judgment in favor of JLG and dismissing**

7    **Excalibur's counterclaim *with prejudice* if Excalibur fails to comply with this**

8    **order.**

9

10   IT IS SO ORDERED.

11   **Dated:    September 9, 2011**          /s/ Sheila K. Oberto
                                        UNITED STATES MAGISTRATE JUDGE

4