# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JLG ENTERPRISES, INC., a California corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>EXCALIBUR SIRES, INC., a Minnesota corporation, and DOES 1 through 25, inclusive,<br><br>        Defendant.<br>_____<br><br>EXCALIBUR SIRES, INC.,<br><br>        Counterclaimant,<br><br>    v.<br><br>JLG ENTERPRISES, INC.,<br><br>        Counterdefendant.<br>_____/ | CASE NO. 1:10-cv-02138-AWI-SKO<br><br>**ORDER REQUIRING JLG TO SUBMIT ADDITIONAL INFORMATION REGARDING INTEREST AND AN INTEREST CALCULATION IN SUPPORT OF REQUEST FOR DEFAULT JUDGMENT** |

## I. INTRODUCTION

On June 1, 2011, Plaintiff JLG Enterprises, Inc., ("JLG") filed a motion to compel based on Defendant Excalibur Sires, Inc's ("Excalibur") complete failure to provide responses to JLG's outstanding discovery requests consisting of Interrogatories, Requests for Admission, and Requests for Production of Documents.  (Doc. 60.)  Excalibur filed a statement of non-opposition to the motion and a declaration from counsel in opposition to JLG's request for sanctions. (Docs. 63, 63-1.)

On June 27, 2011, the Court issued an order requiring Excalibur to provide responses to JLG's Interrogatories and Requests for Production of Documents within 30 days from the date of the order. (Doc. 67.)  On August 2, 2011, JLG filed a status report indicating that Excalibur failed to comply with the Court's June 27, 2011, order and that no responses to the outstanding discovery requests were served.  (Doc. 69.)  In its status report, JLG requested that it be awarded reasonable attorney's fees associated with the motion and that the Court impose a case-terminating sanction and enter default judgment against Excalibur.  (Doc. 69, 2:6-12.)

On August 12, 2011, the Court issued an order to show cause in which Excalibur was ordered to file a statement within ten (10) days of the order as to why monetary sanctions or default judgment should not be imposed against it for failing to comply with the Court's June 27, 2011, discovery order. (Doc. 70.)  The Court cautioned Excalibur that, beyond any monetary sanction that would be imposed, the Court would be inclined to recommend terminating sanctions pursuant to Federal Rule of Civil Procedure 37(b)(1) if Excalibur did not respond to the order to show cause.  (Doc. 70, 3:1-6.)  Excalibur failed to file a response.

On September 9, 2011, the Court issued another order to show cause in which Excalibur was ordered to submit in writing within twenty (20) days a statement as to why default judgment should not be entered against Excalibur and why Excalibur's claim should not be dismissed with prejudice. (Doc. 72.)  Excalibur was warned that its failure to respond to the order to show cause would result in a recommendation that case-terminating sanctions be imposed, default judgment be entered against it, and monetary sanctions awarded due to Excalibur's failure to provide discovery responses. JLG was also ordered to submit proof of its damages within ten (10) days of the amount sought in default judgment.

On September 19, 2011, JLG filed proof of its damages. (Docs. 73-75.) Excalibur's response to the order to show cause was due by October 3, 2011.[1]  Excalibur failed to file a response.

As such, the Court is currently considering JLG's request that terminating sanctions and default judgment be entered against Excalibur.  Before the findings and recommendations can be

---

[1] This date reflects application of the Federal Rules of Civil Procedure 6(a)(1)(C), 6(a)(6)(A), and 6(d).

issued, however, the Court requires JLG to provide additional information regarding the interest sought and an interest calculation.

## II.  DISCUSSION

### A.    Amount of Default Judgment Damages Requested by JLG

JLG's complaint indicates in its prayer for relief that JLG is seeking: (1) damages in the principle amount of $160,964.51; (2) pre- and post-judgment interest at the contractual rate of eighteen percent (18%) per annum; (3) costs and attorney's fees; (4) declaratory relief from the Court that it has a general Livestock Service Lien; (5) a Court order authorizing the sale of Excalibur's bulls that were in JLG's possession; and (6) other and further relief that the Court deems just. (Doc. 1-3, 12:5-20.)

On September 19, 2011, pursuant to the Court's September 9, 2011, order (Doc. 72), JLG submitted declarations from its president, accounts receivable clerk, and counsel in support of its application for default judgment.  (Docs. 73-75.)  JLG's president, Jack Lerch, declares that Excalibur is now seeking damages in the principal amount of $242,990.24, prejudgment interest at the contractual rate of 18% in the amount of $61,505.93, costs associated with the sale of the bulls in the amount of $3,814.06, and court costs in the amount of $657.15, for a total amount of $308,967.38. (Doc. 73, Lerch Decl., ¶ 13.)

#### 1.    JLG's Damages Limited to Amount Requested in the Complaint

Federal Rule of Civil Procedure 54(c) states in pertinent part that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."  Although JLG now seeks damages in the amount of $242,990.24, plus interest, JLG's complaint prayed for damages in the amount of $160,964.51, plus interest.

In *United States v. Fong*, 300 F.2d 400 (9th Cir. 1962), the Ninth Circuit considered the district court's judgment for damages in excess of the amount pled in the complaint after the defendant's answer was stricken pursuant to Rule 37 and default judgment was entered due to defendant's consistent failure to appear at his deposition.  *Id*. at 404-06.  The court recognized that one Eighth Circuit case had determined that when "'the defendant appears at the hearing on the application for [default] judgment, the court, in the exercise of sound discretion, may permit the

3

1   claimant to amend his prayer for relief.'" *Id*. at 412 (citing *Peitzman v. City of Illmo*, 141 F.2d 956,

2   962 (8 Cir. 1944)).

3          The Ninth Circuit disagreed with the Eighth Circuit's holding, and instead determined that

4   "the mandate of the Rule [54(c)] is very simple, clear and decisive that a judgment 'shall not be

5   different in kind from or exceed in amount that prayed for in the demand for judgment' in default

6   cases." *Id*. at 413.  The court found that it was "unable to escape the explicit and emphatic mandate

7   of Rule 54(c)" and thus limited the default judgment against the defendant to the amount pled in the

8   plaintiff's complaint.  *Id*.; *see also Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916,

9   923 (C.D. Cal. 2010) (Rule 54(c) allows "only the amount prayed for in the complaint to be awarded

10  to the plaintiff in a default.");  *Cent. Fla. Council, Boy Scouts of Am., Inc. v. Rasmussen*, No.

11  6:07-cv-1091-Orl-19GJK, 2010 WL 1258070, at *10 (M.D. Fla. Mar. 29, 2010) ("[T]he Court will

12  apply Rule 54(c) as it is written.");  *Albert v. Wesley Health Servs.*, No. 00–2067–KHV, 2001 WL

13  503241, at *1 (D. Kan. May 10, 2001) ("[P]laintiff's damages are limited to the amount which she

14  demanded in her prayer for relief.");  *but see In re Genesys Data Techs., Inc.,* 95 Haw. 33, 43 (2001)

15  (in which the Hawaii Supreme Court found that "[e]ven if providing notice of specific or additional

16  amounts sought after the entry of default does not comply with the procedural requirements of Rule

17  54(c), we are persuaded that providing notice after entry of default but prior to entry of judgment

18  may be considered in evaluating whether the requirements of due process were met.")

19         Here, JLG is seeking default judgment pursuant to Federal Rule of Civil Procedure 37(b)(1)

20  due to Excalibur's failure to comply with the Court's orders.  As noted, the Ninth Circuit has stated

21  that damages pursuant to default judgment are limited under Rule 54(c) to the amount pled in the

22  complaint.  *Fong*, 300 F.2d at 413.  The Ninth Circuit has also held that a default judgment that goes

23  "beyond the scope of the complaint" is a "nullity."  *Pueblo Trading Co. v. El Camino Irrigation

24  Dist.*, 169 F.2d 312, 313 (9th Cir. 1948); *see also Ioane v. Alter*, No. CIV. 96–20629 SW, 1997 WL

25  767526, at *3 (N.D. Cal. Nov. 21, 1997) ("Any default judgment is limited to the claims asserted and

26  the relief demanded in the pleadings served on the defendants.")

27         As such, the Court is bound by JLG's pleadings.  If the Court recommends that terminating

28  sanctions be issued and that default judgment be entered against Excalibur, then the amount of

4

damages must be limited to the amount prayed for by JLG in its complaint.  The Court notes that JLG has submitted proof of damages in an amount that exceeds $160,964.51, the amount sought in the complaint. (Doc. 1-3, 12:5-20.)  Nonetheless, the amount of damages awarded must be limited.

### 2.    JLG Must Provide Clarification Regarding Interest Sought

JLG's complaint prays for "pre-judgment and post-judgment interest at the contractual rate of eighteen percent (18%) per annum." (Doc. 1-3, 9:8-9.)  The declaration of JLG's president Jack Lerch indicates that JLG is currently requesting interest in the amount of $61,505.93. (Doc. 73, Lerch Decl., ¶ 13.)  This amount, however, is based upon a request for damages in the amount of $242,990.24, not the amount of damages prayed for in JLG's complaint of $160,964.51.  (Doc. 73, Lerch Decl., ¶ 13.) As such, the amount of interest sought exceeds the amount that can be awarded, as it is based upon damages in excess of the amount pled in the complaint.

There are also additional issues concerning JLG's request for interest.  The invoices submitted with the complaint and the declaration of Kristin Hooper, JLG's accounts receivable clerk, seem to indicate that interest was calculated in the amount of damages sought, as there are several entries for "service charge[s]" on the invoices, and the invoices indicate that the service charges are "finance charges."  (Doc. 1-3, pp. 13-14; Doc. 74-3, pp. 22-23.)

Therefore, it is not clear whether JLG is requesting compound interest (interest on interest). If so, such interest is prohibited under California law unless in writing.[2]  California Civil Code Section 1916-2 states in pertinent part that "in the computation of interest upon any bond, note, or other instrument or agreement, interest shall not be compounded, nor shall the interest thereon be construed to bear interest unless an agreement to that effect is clearly expressed in writing and signed by the party to be charged therewith." Here, JLG pleads and Excalibur admits that the parties entered into an *oral* agreement.  (Doc. 1-3, ¶ 8; Doc. 6, p. 14, ¶ 21.)  As such, there is no written agreement that would allow compound interest.

Additionally, JLG is seeking interest at 18% per annum.  California Civil Code Section 3289(b) concerns the rate of interest chargeable after a breach of contract and states that "[i]f a

---

[2] The Court has previously determined that California law applies to this dispute.  (Doc. 49, 7:5-13.)

contract entered into after January 1, 1986, does not stipulate a legal rate of interest, the obligation shall bear interest at a rate of 10 percent per annum after a breach."  The parties indicated that they entered into their oral agreement on or about January 26, 1994, after the date indicated under Section 3289(b).  (Docs. 1-3, ¶ 8; Doc. 6, p. 14, ¶ 21.)  In order for JLG to receive interest at 18%, JLG must show that the parties stipulated to that legal rate.

As noted, the parties entered into an oral agreement.  (Docs. 1-3, ¶ 8; Doc. 6, p. 14, ¶ 21.) Further, the invoices submitted with the complaint and in support of default judgment do not indicate any rate of interest and therefore fail to show the interest rate agreed upon.  (Doc. 1-3, pp. 13-19; Doc. 74-2, pp. 1-6; Doc. 74-3, 2-108.)  Thus, in order to receive interest at a rate over 10%, JLG must submit proof that the parties stipulated to a higher rate.

### III.  CONCLUSION AND ORDER

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that:

1.  **Within ten (10) days after service of this order**, JLG shall submit a statement and/or declarations which:

   a.   Explain whether JLG is seeking compound interest with its request for interest[3]; and

   b.   Provide proof that the parties stipulated to an interest rate of 18% as required under California Civil Code Section 3289(b) or limit the interest sought to ten percent (10%); and

2   **Within ten (10) days after service of this order**, if pre-judgment interest is still sought after deducting any compound interest, JLG shall provide an interest calculation based on the amount of damages prayed for in the complaint.  JLG should ensure that it does not seek interest for amounts not prayed for or from dates prior to the dates that any given invoice became overdue.  Further, JLG shall indicate what

---

[3] If JLG indicates that it is not seeking compound interest, it should provide an explanation regarding the interest it is seeking since it appears that the invoices for the damages requested include interest calculations.

rate of interest it is seeking in its calculation and the dates from which it seeks interest.

IT IS SO ORDERED.

**Dated:    October 11, 2011                              /s/ Sheila K. Oberto**
                                                        UNITED STATES MAGISTRATE JUDGE