# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JLG ENTERPRISES, INC., a California corporation,<br><br>                    Plaintiff,<br><br>     v.<br><br>EXCALIBUR SIRES, INC., a Minnesota corporation, and DOES 1 through 25, inclusive,<br><br>                    Defendant.<br>_____<br><br>EXCALIBUR SIRES, INC.,<br><br>                    Counterclaimant,<br><br>     v.<br><br>JLG ENTERPRISES, INC.,<br><br>                    Counterdefendant.<br>_____/ | CASE NO. 1:10-cv-02138-AWI-SKO<br><br>**ORDER GRANTING JLG'S REQUEST FOR ATTORNEY'S FEES BASED ON EXCALIBUR'S FAILURE TO COMPLY WITH DISCOVERY** |

## I. INTRODUCTION

On June 1, 2011, Plaintiff JLG Enterprises, Inc., ("JLG") filed a motion to compel based on Defendant Excalibur Sires, Inc.'s ("Excalibur") complete failure to provide responses to JLG's outstanding discovery requests consisting of Interrogatories, Requests for Admission, and Requests for Production of Documents. (Doc. 60.) Excalibur filed a statement of non-opposition to the motion and a declaration from counsel in opposition to JLG's request for sanctions. (Docs. 63, 63-1.)

On June 27, 2011, the Court issued an order requiring Excalibur to provide responses to JLG's Interrogatories and Requests for Production of Documents within 30 days from the date of the order. (Doc. 67.) JLG had requested that it be awarded reasonable expenses for the motion as well as additional monetary sanctions for Excalibur's failure to respond to the discovery requests. The Court held in abeyance its decision as to an award of sanctions and apportionment of any reasonable attorney's fees until Excalibur provided responses to the outstanding discovery. (Doc. 67, 4:13-5:18.)

On August 2, 2011, JLG filed a status report indicating that Excalibur had not complied with the Court's June 27, 2011, order and that no responses to the outstanding discovery requests were served. (Doc. 69.) Excalibur has further failed to respond to two orders to show cause issued by the Court on August 18, 2011, and September 9, 2011. (Docs. 70, 72.)

For the reasons set forth below, the Court GRANTS JLG's request for reasonable attorney's fees against Excalibur in connection with JLG's motion to compel.

## II. DISCUSSION

JLG requested monetary sanctions in its motion to compel discovery based on Excalibur's failure to provide discovery responses. (Doc. 62, ¶ 7.) Pursuant to Federal Rule of Civil Procedure 37(a)(5)(c), if a motion to compel discovery responses is granted in part and denied in part, and if the Court gives the non-responsive party an opportunity to be heard, then the court may "apportion the reasonable expenses for the motion."

Further, the Court must order the payment of attorney's fees when a party fails to obey a discovery order. "Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(c).

JLG requested attorney's fees with its motion to compel in the amount of $2,500.00 (7.5 hours to prepare the motion and to meet and confer and 5.0 hours in anticipation of preparing the reply and appearing at the hearing at a rate of $200.00 per hour). (Doc. 62, ¶ 7.) The Court's order dated June 27, 2011, found that the 5.0 hours requested for the reply and the hearing were not

1  warranted as Excalibur had filed a notice of non-opposition and the Court had vacated the hearing.
2  (Doc. 67, p. 4, n. 1.) As such, the Court awards attorney's fees in relation to JLG's motion to compel
3  for the 7.5 hours requested in the amount of $1,500.
4       On August 17, 2011, JLG filed a statement of additional costs incurred with its motion to
5  compel, indicating that due to Excalibur's noncompliance with the Court's order, JLG had incurred
6  additional attorney's fees in the amount of $360.00 (1.8 hours at $200.00 per hour for telephone
7  conferences and preparing status reports). (Doc. 71.) Due to Excalibur's complete failure to provide
8  discovery responses, the Court finds this request reasonable.
9       Accordingly, the Court awards attorney's fees pursuant to Rule 37(a)(5)(c) in favor of JLG
10 and against Excalibur in the amount of $1,860.00.

11                              **III. CONCLUSION AND ORDER**

12      Based on the foregoing, IT IS HEREBY ORDERED that:
13      JLG's request for attorney's fees in connection with its motion to compel is GRANTED in
14 the amount of $1, 860.00 against Excalibur.
15
16 IT IS SO ORDERED.
17 **Dated:   October 11, 2011**                    /s/ Sheila K. Oberto
                                                 UNITED STATES MAGISTRATE JUDGE
18
19
20
21
22
23
24
25
26
27
28